MERIJILDO DOMINGUEZ. v. THE STATE.

No. 8679. Decided May 21, 1924.

Rehearing denied June 18, 1924.

1.—Murder—Jurisdiction—Bill of Exceptions.

Where it was stated in the bill of exceptions that the District Judge of Presidio County who changed the venue of this case from said county to Val Verde County had no legal jurisdiction of the person of appellant and

97 T. C.—39.

that the making of the order changing the venue was null and void, but the record showed that no evidence was introduced to support this plea in the bill of exceptions, there is no reversible error.

**2.—Same—Arrest of Judgment—Jurisdiction..**

Where the same qualifications were appended by the court below to defendant's bill of exceptions to the court's action in overruling the motion in arrest of judgment pleading want of jurisdiction, there is no reversible error.

**3.—Same—Motion for New Trial—Sufficiency of the Evidence.**

Where appellant's motion for new trial was sought on the ground that the court erred in overruling his plea to the jurisdiction and motion in arrest of judgment, etc., and the record showed sufficient evidence to support the conviction, there is no reversible error, and the judgment is affirmed.

Appeal from the District Court of Val Verde. Tried below before the Honorable Joseph Jones.

Appeal from a conviction of murder; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Boggess, Smith & LaCrosse,* for appellant.—Cited cases in opinion.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Val Verde County of murder, and his punishment fixed at fifty years in the penitentiary.

From the testimony it is made to appear that in 1918 a raid was made upon the ranch of Mr. Neville who lived in Presidio County, the raid being at night and being participated in by a large number of men supposed to be Mexicans. In the raid the son of Mr. Neville was killed, also a Mexican woman employed about the place. Appellant was tried and convicted for the murder of the son. He was positively identified as being present and participating in the shooting which resulted fatally to young Neville. He relied upon the defense of alibi, testifying himself and introducing a witness who corroborated him, to the fact that he was engaged in herding horses and mules near San Antonio, Mexico, at the time of said raid. This quetstion was submitted to the jury in the charge of the court and by them decided adversely to appellant's contention.

The record contains three bills of exception, the first of which was taken to the action of the learned trial judge in assuming jurisdiction of the person of appellant. It is stated in the bill of exceptions that the district judge of Presidio County who changed the venue of this case from said county to Val Verde County had **no**

legal jurisdiction of the person of appellant and that the making of the order changing the venue was a void and illegal proceeding and a nullity and was ineffective for the purpose of transferring said case. In approving this bill of exceptions the learned trial judge states that no evidence was introduced in support of any of the allegations of appellant's bill or his plea to the jurisdiction which is referred to in said bill. The record before us is in accord with this statement of the court below. Neither by any character of statement of facts, nor by any bill of exceptions is it made to appear to us that the District Court of Presidio County in which the indictment was originally returned, was without jurisdiction of the person of the appelant or of the case.

The second bill of exceptions complains of the overruling of appellant's motion in arrest of judgment based upon the same contention which is embraced in bill of exceptions No. 1, and this bill has the same qualification appending by the court below as has bill of exceptions No. 1, and for the same reason will be held by us to present no error.

The third bill of exceptions is to the overruling of appellant's motion for new trial, which was sought by him upon the ground that the court erred in overruling his plea to the jurisdiction and motion in arrest of judgment and special requested charge No. 1, and because the verdict was contrary to the law and the evidence. We find in this transcript no special charge asked by the appellant. The evidence fully seems to warrant the verdict and judgment, and the other matters complained of have already been disposed of.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### June 18, 1924.

LATTIMORE, JUDGE.—In his motion for rehearing appellant seems to be of opinion that because on an appeal by him of· the cause reported in 90 Texas Crim. Rep., 90, in which we held the courts of this State to be without jurisdiction of his person to try him, for reasons there fully set out, that, therefore, notwithstanding he has now voluntarily come into the territory of the United States and into the State of Texas where he has been apprehended and tried, that the order of the District Court of Presidio County made before the former trial from which appeal was taken, which order transferred the case to Val Verde County, would be void and, therefore, his plea to the jurisdiction now filed should have been sustained. It is admitted that there was no testimony introduced in support of appellant's plea to the jurisdiction, nor did same contain any facts. In the record before us appears an order of the Dis-

trict Court of Presidio County made in 1919 changing the venue of this case to Val Verde County upon application by the defendant. In such case we have no doubt of the validity of such order and that this appellant is not now in a position to object to the jurisdiction of the District Court of Val Verde County.

The motion for rehearing is overruled.

                                                        *Overruled.*